UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO: 20-3125 (MCF) |
|---|---|
| MARISOL MUNOZ<br>Debtor | CHAPTER 13 |

DEBTOR'S OBJECTION TO CLAIM 5-1

Comes now, Debtor/Petitioner Marisol Munoz, through her undersigned counsel, and to the Honorable Court very respectfully alleges and prays as follows:

1. On September 23, 2020, secured creditor Rushmore Loan Management Services ("Rushmore") filed a Proof of Claim ("POC") in which it claims that, in addition to $4,680.00 in principal and interest on pre-petition arrears on mortgage payments, the petitioner owes (among other things): $734.11 in property inspection fees and $1,050.00 in other unspecified fees. See POC no. 5-1.

2. However, Rushmore did not include evidence of said property inspection(s), explain the need for them, or justify why the Debtor should pay for something she did not expressly agree to; therefore, Rushmore is not entitled to these fees. See Travelers Casualty and Surety Company of America v. Pacific Gas and Electric Company, 549 U.S. 443 (2007).

3. As to the other $1,050 in fees, Rushmore did not specify what these fees are for, it did not include evidence of said fees, explain the need for them, or justify why the Debtor should pay for something she did not expressly agree to; therefore, Rushmore is

not entitled to these fees. See id.

4. The proof of claim is not supported by attached documentation and therefore, fails to comply with Rule 3001 adequately. A proof of claim requires a creditor to specifically state what charges are being made, the purpose and supporting documents must accompany the proof of claim. A proof of claim is signed under oath and must represent accurate information.

WHEREFORE, the debtor respectfully requests that this Honorable Court grant her partial objection to Rushmore's claim 5-1 and disallow the pre-petition arrears claimed for $734.11 in property inspection fees and $1,050.00 in other unspecified fees. The debtor does not object to the rest of the claim.

NOTICE: Within thirty (30) days of service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

RESPECTFULLY SUBMITTED. In San Juan, PR, November 13, 2020.

I HEREBY CERTIFY: On this same date I electronically filed the foregoing document with the clerk of the Court using the CM/ECF System which will send notification of such filing to the Trustee and to creditors and parties in interest. Additionally, a copy of this document is being mailed to claimant's address of record: SARLAW LLC, Banco Popular Center, Ave. Munoz Rivera 209, Suite 1022, San Juan PR 00918-1022.

/s/German Rieckehoff

Attorney For Debtor
Federal Bar #217704
Calle Uruguay 273, Apt. 5A
San Juan, PR 00917
787-415-1453 Fax-787-767-7688
grieckehoff@yahoo.com